UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
**LAQUAN DEVOTA HARRIS**,

                Plaintiff,

-against-

**SHMIRA CHSP**,

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
20-CV-520 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

On January 28, 2020, *pro se* plaintiff LaQuan Devota Harris brought this action under 42 U.S.C. § 1983. (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted solely for the purposes of this order. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

The plaintiff alleges that in October of 2018, two members of Shmira, a private volunteer patrol organization, assaulted him and robbed his keys and cell phone. (ECF No. 1 at 4-6.) He also alleges that in December of 2018, Shmira members burglarized his apartment, changed the locks, and moved in for six months. (*Id.*) The plaintiff seeks money damages and asks "the court to shut down the Shmira . . . ." (*Id.* at 6.)

## LEGAL STANDARD

Because the plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). I read the plaintiff's *pro se* complaint liberally, and interpret it to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). I also assume the

truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

The plaintiff's complaint must be dismissed because Shmira is not a state actor. *See Patterson v. City of N.Y.*, 758 F. App'x 217 (2d Cir. March 19, 2019). To bring a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendants violated his federal rights while acting under color of state law. *See* 42 U.S.C. § 1983; *Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004). A private entity acts under color of state law when "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Memorial Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir.

2

2012) (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982)). The plaintiff makes no allegations connecting Shmira to the state. Accordingly, the complaint must be dismissed.

A court should not dismiss a *pro se* complaint without giving the plaintiff leave to amend her complaint, unless amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). I have carefully considered whether leave to amend is warranted here. The plaintiff's claims are strictly about a private volunteer patrol organization that is not a state actor, and amending the complaint would not cure that defect. For that reason, I deny leave to amend the complaint.

## FILING INJUNCTION

The plaintiff is a frequent filer in this Court; he has filed multiple actions, all of which have either been dismissed *sua sponte* or transferred *sua sponte* to other courts.[1] I have warned the plaintiff in previous orders that courts impose sanctions, "including restrictions on future access to the judicial system . . . [i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits[.]" *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted). Unfortunately, the plaintiff has not heeded the Court's warnings.

Accordingly, the plaintiff is ordered to show cause within 14 days of the entry of this order why he should not be enjoined from filing any further *in forma pauperis* actions in this Court without getting leave to file from the Court.

---

[1] *See Harris v. Mount Sinai St. Lukes*, No. 19-CV-7324 (AMD) (LB) (transferred to the United States District Court for the Southern District of New York on Jan. 10, 2020); *Harris v. NYPD*, No. 19-CV-7323 (AMD) (LB) (dismissed on Jan. 22, 2020 for failure to state a claim); *Harris v. Fraser*, No. 19-CV-6844 (AMD) (LB) (dismissed on Jan. 2, 2020 for lack of subject matter jurisdiction); *Harris v. Scola*, No. 19-CV-5059 (AMD) (LB) (dismissed on Sept. 20, 2019 for lack of subject matter jurisdiction); *Harris v. Reynolds*, No. 19-CV-4818 (AMD) (LB) (dismissed on Sept. 20, 2019 for lack of subject matter jurisdiction); *Harris v. Giorgio*, No. 19-CV-5714 (AMD) (LB) (dismissed on November 5, 2019 for lack of subject matter jurisdiction); *Harris v. Fuster*, No. 18-CV-5896 (AMD) (LB) (transferred to the United States District Court for the Southern District of New York on Oct. 24, 2018) and *Harris v. Washington*, No. 18-CV-6376 (AMD) (LB) (dismissed on Nov. 15, 2018 for failure to comply with Rule 8 and for failure to state a claim).

## CONCLUSION

For the reasons discussed above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and the plaintiff is ORDERED TO SHOW CAUSE within 14 days of the entry of this order why he should not be enjoined from filing any further *in forma pauperis* actions in this Court without obtaining leave to file from the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      February 13, 2020