UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
**LAQUAN DEVOTA HARRIS**,

               Plaintiff,                 **FILING INJUNCTION ORDER**
                                                      20-CV-520 (AMD) (LB)

      -against-

**SHMIRA CHSP**,

               Defendant.
------------------------------------------------------------------x
**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff LaQuan Devota Harris has filed numerous civil actions in this Court, each of which was either dismissed *sua sponte* or transferred *sua sponte* to other courts. I have repeatedly warned him that continued filing of "vexatious, harassing or duplicative lawsuits" could lead to sanctions. By order dated February 13, 2020, I directed him to show cause within fourteen days why he should not be enjoined from filing any further *in forma pauperis* actions without getting leave to file from the Court. More than fourteen days have passed and the plaintiff has not responded to the Court's order or provide any reason why he should not be restricted from filing.[1]

      "If a litigant has a history of filing vexatious, harassing, or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks and citations omitted).

      The plaintiff has filed at least twelve cases in this district since October of 2018—all of which were improperly filed in this Court, duplicative of other lawsuits or otherwise insufficient—and he has failed to offer any reason why he should not be barred from filing future

---

[1] On March 4, 2020, the Court's February 13, 2020 Order was returned to the Court with the Postal Note: "Return To Sender. Insufficient Address. Unable To Forward." It is plaintiff's responsibility to inform the Court of his current address.

*in forma pauperis* complaints. The plaintiff's frequent frivolous filings detract from the legitimate cases before the Court, and the Court has "the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).

Accordingly, it is ORDERED that the plaintiff is enjoined from filing any further *in forma pauperis* actions in the Eastern District of New York without first obtaining leave of Court. To eliminate the need to write a decision every time he makes a frivolous filing, the injunction will be implemented as follows:

1. The Clerk of Court is directed to open a miscellaneous case entitled "In re LaQuan Devota Harris," file a copy of this order under the docket number, and then administratively close the docket. Any further filings by the plaintiff must be filed only under that miscellaneous docket number.

2. The Court will review each filing to determine whether it is frivolous or fails to state a claim. If it is frivolous or fails to state a claim, no further action will be taken. If it states a claim, the Court will direct the Clerk of Court to open a new civil matter in which those documents will be filed, and it will proceed as a new case in the ordinary course.

The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                    _s/Ann M. Donnelly_
                                                  **ANN M. DONNELLY**
                                                  United States District Judge

Dated: Brooklyn, New York
         March 23, 2020